UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF VIRGINIA
                          Newport News Division


UNITED STATES OF AMERICA

v.                                          ACTION NO. 4:05CR37

KEVIN CALLICUTT,

        Defendant.


                              O R D E R


        In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  The Court concludes that the following facts require the detention of the defendant pending trial in this case.

        There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 846 and 841.

        The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the safety of the community.

        The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the defendant was involved in a conspiracy which was a loose-knit organization of individuals. Most of the persons named in the indictment both purchased and sold drugs as part of the

conspiracy. The Assistant United States Attorney indicated that there are at least fourteen witnesses who could describe the overall nature of the conspiracy, eleven of whom have been federally prosecuted and three of whom are not facing charges. In addition, the government successfully made several controlled purchases from a number of the persons named in this indictment.

The Assistant United States Attorney proffered that six witnesses had direct drug dealings with the defendant. In addition, three controlled purchases of drugs were made from the defendant. The case against the defendant appears strong.

The defendant is a lifelong resident of Newport News. He has four children, but has never married. He claims to have worked full time in his mother's restaurant from 1998 until February of 2005. His mother stated that he last worked in August of 2004 and worked sporadically. He has no income or assets. He states that he has used marijuana daily since high school.

The defendant has ten misdemeanor convictions, including failure to appear. He was found guilty of possession of cocaine in 2001. While on probation, he tested positive for drug use nine times and was arrested on misdemeanor drug charges while on probation, yet his probation was not revoked by the state authorities.

The defendant is a danger to the community, based on the nature of the offense, his drug use, his prior criminal record, and

the fact that some of the charges occurred while he was on probation.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release.  The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case.  See United States v. Williams, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the

United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

                                    /s/
                            Tommy E. Miller
                            United States Magistrate Judge

Norfolk, Virginia

April 25, 2005

<u>Nunc</u> <u>pro</u> <u>tunc</u> April 19, 2005